# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| RONALD SUMNER, | : | Case No. 3:21-cv-00098 |
| | : | |
| Plaintiff, | : | Magistrate Judge Caroline H. Gentry |
| | : | (upon full consent of the parties) |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL | : | |
| SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

## DECISION AND ENTRY

This matter comes before the Court upon Plaintiff's Motion for Allowance of

Attorney Fees (Doc. No. 21), which seeks an award of attorney's fees pursuant to 42

U.S.C. § 406(b)(1) in the amount of $12,000.00. The Commissioner did not file a

response, and Plaintiff has represented that the Motion is unopposed. (*Id*. at PageID#

1854.) For the reasons set forth below, the Motion is **GRANTED**.

## I.     BACKGROUND

Previously in this Social Security appeal, Plaintiff filed a Statement of Specific

Errors that raised three issues. (Doc. No. 12.) The Commissioner chose not to file a

response but instead jointly moved for a remand for further proceedings under Sentence

Four of 42 U.S.C. § 405(g). (Doc. No. 17.) Upon the parties' joint motion (Doc. No. 19),

the Court also awarded attorneys' fees to Plaintiff's counsel under the Equal Access to

Justice Act ("EAJA"), 28 U.S.C. § 2142(d), in the amount of $2,900.00. (Doc. No. 20.)

On remand, the Commissioner awarded benefits to Plaintiff. (Doc. No. 21, PageID# 1862.) The Commissioner withheld 25 percent of the amount of Plaintiff's past due benefits, or $35,980.93, to be applied toward an award of attorney's fees under Section 406(b)(1). (*Id.* at PageID# 1865.) Plaintiff's counsel now requests an attorney's fee award in the amount of $12,000.00.

## II.    APPLICABLE LAW

If a Social Security claimant obtains benefits after filing an appeal in this Court, then his counsel may ask the Court to award the amount of attorney's fees owed under a contingency fee agreement. 42 U.S.C. § 406(b)(1). The fee award may not exceed 25% of the past-due benefits, *id.*, and it must only compensate counsel for work performed in the federal court proceeding. *Horenstein v. Secretary of HHS*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc). The Commissioner routinely withholds 25% of a claimant's past-due benefits to pay for such a fee award. *See* 42 U.S.C. § 406(b)(1)(A) ("[T]he Commissioner … may … certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.").

However, even if a claimant agrees to pay his counsel a contingency fee award in the amount of 25% of past-due benefits, that amount is not automatically awarded. Instead, Plaintiff's counsel must show, and the Court must find, that the requested fee award is reasonable for the services rendered. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) (noting the Social Security Act "does not displace contingen[cy]-fee agreements" but "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."). Therefore, a request for a contingency

fee award in the amount of 25% of past-due benefits "is not to be viewed as *per se* reasonable," but instead shall be given "the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Brown*, 865 F.2d 739, 746 (6th Cir. 1989).

To assist the Court with assessing the reasonableness of a request for attorney's fees, counsel should submit a record of hours worked and a statement of his normal hourly billing rate for noncontingent-fee cases (if any). *Gisbrecht*, 535 U.S. at 808. The Court may also consider evidence of the standard hourly rate for similar work performed in the relevant market. *Hayes v. Secretary of HHS*, 923 F.2d 418, 422 (6th Cir. 1990). But even fee awards that reflect above-average hourly rates may be reasonable:

> It is not at all unusual for contingent fees to translate into large hourly rates …. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Royzer v. Secretary of HHS*, 900 F.2d 981, 981-82 (6th Cir. 1990). Thus, the rule in the Sixth Circuit is that "[a] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes*, 923 F.2d at 422.

Notably, "a high effective hourly rate cannot **on its own** justify reducing a fee award—district courts must provide additional reasoning." *Tucker v. Comm'r of Soc. Sec.*, 136 F.4th 639, 644 (6th Cir. 2025) (emphasis in original). Therefore, in addition to "consider[ing] the effective hourly rate in weighing reasonableness," *id.*, the Court will consider whether the requested fee should be reduced for other reasons. For example,

there may be evidence that counsel acted improperly or would receive a windfall due to the discrepancy between relatively few hours worked and a sizeable award of past-due benefits. *Gisbrecht*, 535 U.S. at 808; *Rodriquez*, 865 F.2d at 746. The Court will consider the complexity and difficulty of the case, the results achieved, and whether any remand to the Commissioner was the result of a joint stipulation or a court order. *Tucker*, 136 F.4th at 644-45, 648. Finally, the Court will consider this guidance from the Sixth Circuit:

> Although we recognize that there are cases where the lawyer's unusual skill or diligence wins the case, typically the number of hours that are required to prosecute an appeal from the Secretary's determination will not vary greatly and will bear little if any relationship to the results achieved. Where a case has been submitted on boilerplate pleadings, in which no issues of material fact are present and where no legal research is apparent, the benchmark twenty-five percent of awards fee would obviously be inappropriate. The reviewing courts should not hesitate to make reductions in such situations, and at the other end of the spectrum should only allow maximum fees for extensive effort on the part of counsel who have overcome legal and factual obstacles to the enhancement of the benefits awarded to his client.

*Rodriquez*, 865 F.2d at 747.

After determining the amount of a reasonable contingency fee award under the Social Security Act, 42 U.S.C. § 406(b)(1), the Court will order counsel to refund to Plaintiff all fees previously awarded under the EAJA. *See Jankovich v. Bowen*, 868 F.2d 867, 871 n.1 (6th Cir. 1989).[1]

---

[1] Although the EAJA Savings Provision literally requires attorneys to refund the smaller fee to the claimant, some courts permit attorneys to "set off" the amount of the EAJA fee from their requested Section 406(b)(1) fee and then award the amount equal to the difference between the fees. *E.g.*, *Parrish*, 698 F.3d at 1221 (9th Circuit); *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1269 (11th Cir. 2010).

### III.    ANALYSIS OF PLAINTIFF'S MOTION

As instructed by *Gisbrecht* and *Rodriquez*, the Court begins its analysis with the text of the contingency fee agreement. It provides, in relevant part:

> Legal services rendered by Horenstein, Nicholson & Blumenthal, Attorneys at Law, shall be on a contingent fee basis….
>
> If the first ALJ decision is a denial and the case is subsequently won following an appeal to the Appeals Council or Federal Court, the fee will be 25% of the back-benefits awarded or a minimum $3,000.00, whichever is greater and will be sought be Fee Petition and will require approval by the Social Security Administration….

(Doc. No. 21, PageID# 1861.) "Contingent-fee contracts … [at] the 25 percent ceiling … are the most common fee arrangement between attorneys and Social Security claimants." *Gisbrecht*, 535 U.S. at 800. Although this Court "is not bound to award recovery according to the stated [25% fee] agreement," the Court "should give close attention" to the agreement and treat it as a rebuttable presumption. *Rodriquez*, 865 F.2d at 746.

Plaintiff's counsel submitted documentation of the hours worked by his firm. (Doc. No. 21, PageID# 1871-73.) Attorney Michael Rake worked 12.75 hours, and his paralegal Marci Stark worked 6.85 hours, for a total of 19.60 hours. (*Id*. at PageID# 1871.) Combining these hours, Plaintiff's counsel asserts that if "$12,000.00 is awarded for Plaintiff's attorney's 12.75 hours of time and [p]aralegal's 6.85 hours of time … the hourly rate would be $612.24." (*Id*. at PageID# 1856.) Plaintiff's counsel argues that this hypothetical hourly rate is reasonable and will not provide a windfall. (*Id*.)

**A.** **The Court Will Separately Assess the Reasonableness of The Hypothetical Attorney and Paralegal Hourly Rates**

As this Court has noted, federal courts that calculate hypothetical attorney hourly rates use different approaches when a Section 406(b)(1) fee application includes work performed by paralegals. *See Amanda G. v. Comm'r of Soc. Sec.*, No. 1:20-cv-987, 2024 U.S. Dist. LEXIS 141479, at *6 (S.D. Ohio Aug. 8, 2024) (Litkovitz, MJ) (citing cases). At one end of the spectrum, some courts omit all paralegal hours from the hypothetical attorney hourly rate calculation, which assigns no value to paralegal work. *Id*. at *7. At the other end of the spectrum, some courts combine the attorney and paralegal hours when calculating the hypothetical attorney hourly rate, which gives equal value to the work performed by attorneys and paralegals. *Id*. at *6.

This Court declines to follow either approach. Instead, because the substantive legal work performed by paralegals is both valuable and compensable—but is routinely charged at lower rates than rates charged by attorneys—the Court will separately assess the reasonableness of the hypothetical attorney hourly rate and the (lower) hypothetical paralegal hourly rate. Although the Court could utilize an arbitrary hourly paralegal rate (e.g., $100) for this calculation, such an approach would ignore the fact that hypothetical rates in contingency fee cases are typically higher than standard hourly billing rates because fees are not awarded in every contingency case. *See Royzer*, 900 F.2d at 981-82.

Accordingly, the Court will adopt Magistrate Judge Litkovitz's approach in *Amanda G.* and "include appropriate paralegal hours at half the attorney hourly rate in calculating the effective hourly rate" when analyzing a Section 406(b)(1) fee request.

2024 U.S. Dist. LEXIS 141479, at *8. Thus, the applicable calculation is [(attorney hours * 2x) + (paralegal hours * x) = $ requested fee], with x being the hypothetical paralegal hourly rate and 2x the hypothetical attorney hourly rate. *Id*. at *8 n.3. Applying this calculation here, the hypothetical attorney hourly rate is $741.88, and the hypothetical paralegal hourly rate is $370.94.[2]

### B. The Requested Contingency Fee Is Reasonable

For the reasons discussed below, the Court finds that a hypothetical attorney hourly rate of $741.88 and a hypothetical paralegal hourly rate of $370.94 are both reasonable for the work that was performed in this case.

First, as noted above, there is a rebuttable presumption that a 25% contingency fee agreement is reasonable. Significantly, although the contingency fee agreement in this case would permit Plaintiff's counsel to seek an award of 25% of Plaintiff's past-due benefits—or $35,980.93—counsel is not seeking such a high amount. Instead, Plaintiff's counsel requests an award of only $12,000.00, which is approximately 8.3% of the past-due benefits. Counsel's voluntary reduction of the percentage of past-due benefits sought substantially reduces the possibility of an unjustified windfall and weighs heavily in favor of finding that the requested amount is reasonable.

Second, because Plaintiff's counsel (who works on a contingency fee basis) did not provide evidence of a standard hourly rate, the Court has instead reviewed fee awards in other cases and finds that the hypothetical attorney hourly rate is reasonable. *See Twyla*

---

[2] Specifically, after solving the equation [(12.75 attorney hours * 2x) + (6.85 paralegal hours * x) = $ 12,000.00], the hypothetical paralegal hourly rate (x) is $370.94, and the hypothetical attorney hourly rate (2x) is $741.88.

*D. v. Comm'r of Soc. Sec.*, No. 3:19-cv-368, 2025 U.S. Dist. LEXIS 40825, at *3-4 (S.D. Ohio Mar. 6, 2025) (Silvain, MJ) ("In the absence of counsel's standard hourly rate, judges within this district have assessed whether the hypothetical hourly rate falls within a range of rates previously found reasonable.") (citing cases). Counsel's hypothetical hourly rate of $839.28 fits comfortably within the range of fees that judges in this district have found reasonable. *See, e.g., id.* at *4 (awarding hypothetical attorney hourly rate of $728.60 to attorney Michael Rake, Plaintiff's counsel in this case); *Amanda G.*, 2024 U.S. Dist. LEXIS 141479, at *8 (awarding hypothetical attorney hourly rate of $878.81 to attorney Michael Rake); *Jay V.N.I. v. Comm'r of Soc. Sec.*, No. 3:20-cv-365, 2024 U.S. Dist. LEXIS 98031, at *4 (S.D. Ohio June 3, 2024) (Silvain, MJ) (awarding hypothetical attorney hourly rate of $814.74 to attorney Richard Brian); *Martha G. v. Comm'r of Soc. Sec.*, No. 1:19-cv-936, 2023 U.S. Dist. LEXIS 63838, at *6-7 (S.D. Ohio Apr. 11, 2023) (Bowman, MJ) (awarding hypothetical attorney hourly rate of $869.56 to attorney Edward Ahlers), *report and recommendation adopted by* 2023 U.S. Dist. LEXIS 77738 (S.D. Ohio, May 3, 2023) (Barrett, DJ).

Third, although few courts have addressed the reasonableness of a hypothetical paralegal hourly rate, Magistrate Judge Litkovitz approved a paralegal hourly rate of $439.40 in *Amanda G.*, 2024 U.S. Dist. LEXIS 141479, at *8. The hypothetical paralegal hourly rate in this case—$370.94—is less than the rate approved in *Amanda G.* Moreover, as noted, hypothetical hourly rates in contingency fee cases are routinely higher (sometimes much higher) than the standard hourly rates billed by attorneys and

paralegals who are paid regardless of the outcome. Therefore, although $370.94 is substantially higher than standard paralegal hourly rates, the Court finds it reasonable.

Fourth, after reviewing the submitted billing record, the Court finds no indication that the time expended by Plaintiff's counsel and his paralegal (19.6 hours) was excessive or improperly charged. *See, e.g., Spiller v. Comm'r of Soc. Sec.*, 940 F. Supp. 2d 647, 652 (S.D. Ohio 2013) (Newman, MJ), *report and recommendation adopted*, 940 F. Supp. 2d 647 (S.D. Ohio 2013) (Rice, DJ) ("Without establishing a firm, bright line rule, the Court surveyed a large number of EAJA fees/costs petitions recently filed in this District, and found the general range of time expended on these cases is 15-25 hours.")

Fifth, the Sixth Circuit has recognized that "a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes*, 923 F.2d at 422. In such circumstances, the Court may consider "arguments designed to rebut the presumed reasonableness of the attorney's fee." *Id*. However, the Commissioner has not offered any such arguments or objected to the requested fee award. In the absence of any rebuttal, the Court may presume that Plaintiff's hypothetical hourly rate is reasonable. *Id*.

Sixth, the Court concludes that the hypothetical hourly rates are reasonable in light of the skill and experience of Plaintiff's counsel, who has represented successful claimants many times in this Court. *See, e.g., Samantha K. v. Comm'r of Soc. Sec.*, No. 3:23-cv-268, 2025 U.S. Dist. LEXIS 194333 (S.D. Ohio Sept. 25, 2025); *Twyla D.*, 2025 U.S. Dist. LEXIS 40825; *Nicola C.B. v. Comm'r of Soc. Sec.*, No. 3:21-cv-55 (S.D. Ohio Feb. 4, 2025); *Amanda G.*, 2024 U.S. Dist. LEXIS 141479; *Andrea B.T. v. Comm'r of Soc. Sec.*, No. 3:21-cv-307, 2024 U.S. Dist. LEXIS 98033 (S.D. Ohio June 3, 2024).

9

Seventh, the Court has reviewed the proceedings in this case to assess their complexity and difficulty, the results achieved, and whether the case was remanded to the Commissioner because of a joint stipulation or a court order. *Tucker*, 136 F.4th at 644-45, 648. The docket shows that Plaintiff's counsel filed a thorough Statement of Specific Errors that raised three issues (Doc. No. 12), and the Commissioner chose to respond by agreeing to remand the case rather than await a judicial decision on the merits. Plaintiff's counsel achieved excellent results in an economical fashion and there is no basis to reduce the attorney's fees requested in this case.

Eighth, given the substantial risk undertaken by Plaintiff's counsel in accepting Social Security cases on a contingent fee basis, the undersigned finds that an award of $12,000.00 in this case is reasonable.

## IV. CONCLUSION

Upon review of Plaintiff's Motion and the supporting evidence, as well as the relevant legal authority, the Court finds that the requested attorney's fee award is reasonable. Accordingly, the Court **ORDERS** as follows:

1. Plaintiff's Motion for Allowance of Attorney Fees (Doc. No. 21) is **GRANTED**.

2. Plaintiff's counsel is **AWARDED** attorney's fees pursuant to 42 U.S.C. § 406(b)(1) in the amount of $12,000.00, which sum the Commissioner shall **REMIT** to Plaintiff's counsel from the withheld past-due benefits.

3.      Plaintiff's counsel shall **REMIT** to Plaintiff, within fourteen (14) days of his receipt of this attorney's fee award, the prior EAJA award of $2,900.00.

4.      The Commissioner shall **RELEASE** to Plaintiff the remaining funds withheld from the past-due benefits awarded to him in anticipation of a fee award under 42 U.S.C. § 406(b)(1).

5.      This case remains terminated on the docket of this Court.


**IT IS SO ORDERED.**


Date:   December 3, 2025              /s/ Caroline H. Gentry
                                     Caroline H. Gentry
                                     UNITED STATES MAGISTRATE JUDGE

11